**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **107 4ᵗʰ Avenue LLC** *et al.*, | **Case No. 13-41048 (CEC)** |
| **Debtors.** | *13-41049 (CEC)* |
| | *13-41050 (CEC)* |
| | **13-41051 (CEC)** |
| | **13-41052 (CEC)** |
| | **13-41053 (CEC)** |
| | **(Jointly Administered)** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER (I) APPROVING THE DEBTORS' DISCLOSURE STATEMENT PURSUANT TO SECTIONS 1125 AND 1126(b) OF THE BANKRUPTCY CODE; AND (II) CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION

The debtors and debtors in possession in the above-captioned bankruptcy cases (the "Debtors"), having filed their revised *Second Amended Plan of Reorganization,* dated February 21, 2014 (and as further modified and/or amended, the "Plan"), in accordance with section 1129 of title 11 of the United States Code (the "Bankruptcy Code") and the *Disclosure Statement for Second Amended Plan of Reorganization*, dated as of January 15, 2014 (the "Disclosure Statement"); and the Debtors having filed the Plan Supplement[1] on January 31, 2014, and an amendment thereto on February 21, 2014; and the Court having held a hearing (the "Confirmation Hearing") to consider approval of the adequacy of the Disclosure Statement and approval of the Plan on February 12, 2014; and upon the presentations of counsel on the record of the Confirmation Hearing; and all objections to the confirmation of the Plan having been withdrawn, based upon the representations and documents provided, settled or otherwise overruled by the Court; and notice of the Confirmation Hearing being deemed good and sufficient notice; and upon the entire record of the Debtors' bankruptcy cases, and after finding

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Plan.

that due, sufficient and adequate notice of the Confirmation Hearing, the settlements and compromises embodied in the Plan have been given to Holders of Claims, and to all other parties-in-interest herein; and after due deliberation, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    **Chapter 11 Petitions**. On February 27, 2013, (the "Commencement Date"), the Debtors in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. By prior order of the Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 21]. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. No official committee of unsecured creditors has been appointed pursuant to section 1102 of the Bankruptcy Code.

B.    **Jurisdiction; Venue; Core Proceeding**. This Court has jurisdiction over the Chapter 11 Cases under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.    **Plan Confirmation Burden Of Proof**. The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a), and, to the extent necessary, 1129(b), of the Bankruptcy Code by a preponderance of the evidence.

D.      **Adequacy Of Disclosure Statement**. The Disclosure Statement contains adequate information, as that term is defined in section 1125(a) of the Bankruptcy Code, and complies with any additional requirements of the Bankruptcy Code and the Bankruptcy Rules.

E.      **Plan Supplement**. The Debtors filed the Plan Supplement with the Court [Docket No. 73] on January 31, 2014, and an amendment thereto [Docket No. 83] on February 21, 2014, and served notice of such filings on all the Debtors' creditors.

F.      The documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into, the Plan. The Plan Supplement complies with the terms of the Plan and the filing and notice of such documents constitutes good and proper notice in accordance with the Bankruptcy Code and the Bankruptcy Rules and no other or further notice is or shall be required. The Debtors reserve the right, with prior written consent of Purchaser, to modify the Plan Supplement before the Effective Date to be consistent with and pursuant to the Plan. ___*Such modification shall comply with 11 U.S.C. § 1127.  (CEC)*___

G.      **Plan Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** The Plan complies with the applicable provisions of the Bankruptcy Code thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

a.      **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).** The classification scheme of Claims and Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Claims or Interests in each particular Class are substantially similar to other Claims contained in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.  **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))**. Articles II.a-g of the Plan specify that all Classes of Claims and Interests are Unimpaired under the Plan. Thus, the Plan complies with the requirements of section 1123(a)(2) of the Bankruptcy Code.

c.  **Specify Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3))**. No Classes of Claims or Interests are Impaired under the Plan and, as such, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

d.  **No Discrimination (11 U.S.C. § 1123(a)(4))**. The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, the requirements of section 1123(a)(4) of the Bankruptcy Code are satisfied.

e.  **Implementation Of The Plan (11 U.S.C. § 1123(a)(5)).** The Plan provides adequate and proper means for the Plan's implementation. The Plan and the various documents and agreements set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, including, without limitation: (a) the Sale Transaction under which the Sale Assets shall be transferred to and vest in Purchaser free and clear of all Liens[2], Claims, encumbrances, and charges; (b) the use of the Sale Proceeds to fund and make distributions under the Plan; and (c) the allowance of all corporate actions necessary to effectuate the Plan, including the consummation of the Sale Transaction and the assumption of agreements or entry into new agreements required to be issued pursuant to the Plan, including but not limited to that certain *Lease Termination Agreement*, dated January 31, 2014 entered into by and among Top 1 Cleaners Corporation, 111-113 4th Avenue LLC and Domenick Tonacchio (the "Lease

---

[2]  "Lien" has the meaning set forth in section 101(37) of the Bankruptcy Code and shall include all mortgages, deeds of trust, pledges, other security interests, encumbrances, and charges.

Termination Agreement"), and/or the Purchase Agreement. Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

       f.   **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Debtors are not corporations, and therefore, section 1123(a)(6) of the Bankruptcy Code does not apply. Moreover, all existing equity interests in the Debtors will be retained by their Holders following the Effective Date.

       g.   **Selection Of Officers And Directors (11 U.S.C. § 1123(a)(7)).** The Debtors are limited liability companies, accordingly, no individuals will serve as officers, directors or trustees of the Reorganized Debtors after the Effective Date and the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

       h.   **Additional Plan Provisions (11 U.S.C. § 1123(b)).** The Plan's provisions are appropriate, in the best interests of the Debtors and their estates and consistent with the applicable provisions of the Bankruptcy Code.

    H.   **Releases, Exculpations, And Injunctions**. The Plan's provisions related to (a) the releases granted in favor of the Released Parties, whether by the Debtors or by the Holders of Claims, (b) the exculpation of the exculpated parties listed in Article V of the Plan, with respect to actions related to or taken in furtherance of the Chapter 11 Cases, and (c) the injunctions enforcing the foregoing releases and exculpations, as well as the discharge of Claims against the Debtors, are in the best interests of the Debtors and their estates, and are not forbidden by law, including, without limitation, the Bankruptcy Code, and applicable case law; provided that nothing in the Plan shall exculpate any person or entity from any liability resulting from willful misconduct, gross negligence, breach of fiduciary duty, criminal conduct, *ultra vires* actions, or the disclosure of confidential information that causes damages.  Notwithstanding the foregoing,

the releases and exculpations described above shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York State Rules of Professional Conduct.

I.      **Debtors' Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** As required by section 1129(a)(2), the Debtors have complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

J.      **Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3)).** The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself and the process leading to its formulation. The Debtors filed the Chapter 11 Cases and proposed the Plan with legitimate and honest purposes including, the maximization of value to creditors. The Debtors' good faith is evident from the facts and the record of the Chapter 11 Cases, the Disclosure Statement and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases.

K.      **Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)).** As required by section 1129(a)(4) of the Bankruptcy Code, all payments made or to be made by the Debtors for services or for costs or expenses in connection with the Chapter 11 Cases incurred prior to the Effective Date are subject to approval of the Court as reasonable.

L.      **Board Of Managers, Officers, And Insiders (11 U.S.C. § 1129(a)(5)).** The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The Debtors are limited liability companies, and Purchaser, Fourth Avenue Property Owner LLC – which is owned by a joint venture between JDS Fourth Avenue LLC and Domenick Tonacchio, has been fully

disclosed in, *inter alia*, the Plan and the Disclosure Statement – will own the Sale Assets as of the Effective Date.

M.      **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction. The Plan satisfies section 1129(a)(6) of the Bankruptcy Code.

N.      **Best Interests Test (11 U.S.C. § 1129(a)(7)).** Section 1129(a)(7) of the Bankruptcy Code is satisfied as there are no Impaired Classes of Claims.

O.      **Acceptance By Certain Classes (11 U.S.C. § 1129(a)(8)**). The Holders of Claims in all Classes are Unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

P.      **Treatment Of Administrative And Priority Tax Claims And Other Priority Claims (11 U.S.C. § 1129(a)(9)).** The Plan satisfies each of the requirements of section 1129(a)(9). The treatment of Administrative Claims and other priority claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of tax Claims under the Plan satisfies section 1129(a)(9)(C) of the Bankruptcy Code.

Q.      **Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)**). Section 1129(a)(10) of the Bankruptcy Code is satisfied as there are no Impaired Classes of Claims.

R.      **Feasibility (11 U.S.C. § 1129(a)(11)).** The Plan is feasible. The Debtors have demonstrated that, on and after the Effective Date, they will have the ability to meet their financial obligations under the Plan. As required by section 1129(a)(11) of the Bankruptcy Code, confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors, except as contemplated by the Plan.

S.       **Payment Of Fees (11 U.S.C. § 1129(a)(12))**. The Plan provides that all fees

payable under 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing, shall

be paid on or before the Effective Date, and that all such fees that arise after the Effective Date

but before the closing of the Chapter 11 Cases shall be paid by the Reorganized Debtors. Thus,

the Plan complies with the requirements of section 1129(a)(12) of the Bankruptcy Code.

T.       Sections 1129(a)(13), (14), (15), and (16) are not applicable to the Chapter 11

Cases.

U.       **Section 1129(b); Confirmation Of The Plan Over Nonacceptance Of**

**Impaired Classes.** Section 1129(b) of the Bankruptcy Code is inapplicable as there are no

Impaired Classes of Claims or Interests.

V.       **Only One Plan (11 U.S.C. § 1129(c)).** The Plan is the only plan that has been

filed in the Chapter 11 Cases and is the only plan that satisfies the requirements of subsections

(a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section

1129(c) of the Bankruptcy Code are satisfied.

W.       **Principal Purpose (11 U.S.C. § 1129(d)).** The principal purpose of the Plan is

neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no

governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan

therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

X.       **Good Faith And Fair Consideration (11 U.S.C. §§ 363(m), (n), 1125(e) &**

**1126(e)).** Based on the record before the Court in the Chapter 11 Cases, the Debtors and

Purchaser have acted in good faith within the meaning of section 1125(e) of the Bankruptcy

Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy

Rules in connection with all of their respective activities relating to the Plan and their

8

participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled

to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and

exculpation provisions set forth in Article V of the Plan. Moreover, Purchaser has acted in good

faith in submitting the ~~JV Bid~~ ***bid (CEC)*** and in negotiating the terms of the Plan. Accordingly,

the Debtors, the JV Parties, Purchaser, and the other Released Parties have been, are, and will

continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements,

settlements, transactions, and transfers contemplated thereby, including pursuant to the Purchase

Agreement; and (b) take the actions authorized, directed or contemplated by the Confirmation

Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the

objectives and purposes of the Bankruptcy Code and the aforementioned parties have also acted

in good faith within the meaning of section 1125(e) of the Bankruptcy Code. Based on the

substantial evidence presented to the Court at the Confirmation Hearing, the Court finds and

concludes that the JV Parties and Purchaser have acted in good faith in all respects and are good

faith purchasers of the Sale Assets pursuant to Section 363(m) of the Bankruptcy Code. The JV

Parties or Purchaser did not engage in any conduct that would cause or permit the Purchase

Agreement, the Plan, or the consummation of the Sale Transaction to be avoided, or costs or

damages to be imposed, under Section 363(n) of the Bankruptcy Code. The consideration

provided by the JV Parties and Purchaser for the Sale Assets under the Purchase Agreement and

the Plan is fair and reasonable and constitutes reasonably equivalent value, fair saleable value,

and fair value for the Sale Assets.  Accordingly, the Sale Transaction may not be avoided under

section 363(n) or any other provision of the Bankruptcy Code, or otherwise.

Y.      **Assumption And Rejection (11 U.S.C. § 1123(b)(2)).** The Debtors have satisfied the provisions of section 365 of the Bankruptcy Code with respect to the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to the Plan.

Z.      **Releases, Injunctions, Exculpation.** The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases, injunction, and exculpation provisions set forth in Article V of the Plan.

AA.     Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rule 3020(e) be waived.

BB.     Finding that the Plan is confirmable based upon, *inter alia*, all of the foregoing Findings of Fact and Conclusions of Law, the Court HEREBY ORDERS AND DIRECTS that:

1.      **Approval Of Disclosure Statement And Related Matters**. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement: (a) complies in all respects with any disclosure requirements of applicable non-bankruptcy law; (b) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors and the Plan; and (c) is approved in all respects.

2.      **Confirmation**. The Plan, as and to the extent modified by the Confirmation Order, and the Plan Supplement and each of the documents comprising the Plan Supplement (each of which are incorporated by reference into and are an integral part of the Plan), are hereby approved in their entirety and confirmed under section 1129 of the Bankruptcy Code.

3.      Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and applicable non-bankruptcy law, and no further or additional notice was necessary or required.

4.     **Restructuring Transactions.** The Debtors are hereby authorized, among other things, to take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including the Sale Transaction.

(a)     **Asset Sale**. On the Effective Date, the Debtors shall be authorized to consummate the Sale Transaction and, among other things, the Sale Assets shall be transferred to and vest in Purchaser free and clear of all Liens on the Sale Assets, pursuant to the terms of the Purchase Agreement, the Plan and the Confirmation Order. On and after the Effective Date, except as otherwise provided in the Plan, the Debtors may operate their businesses and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or causes of action without supervision or approval by the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. Neither Purchaser, the JV Parties nor any of their Affiliates shall be deemed to be a successor of the Debtors.

(b)     **Sale Transactions**.  Upon entry of this Order, the Debtors and Purchaser shall execute the Purchase Agreement included in the Plan Supplement.  On the Effective Date, the Debtors and Purchaser shall implement the Sale Transactions. The actions to implement the Sale Transactions may include, among other things: (a) the execution and delivery of appropriate agreements or other documents of merger, amalgamation, consolidation, restructuring, conversion, disposition, transfer, arrangement, continuance, dissolution, sale, purchase, or liquidation containing terms that are consistent with the terms of the Plan and that satisfy the applicable requirements of applicable law and any other terms to which the applicable entities may agree; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation

on terms consistent with the terms of the Plan and having other terms for which the applicable

parties agree; (c) the filing of appropriate certificates or articles of incorporation, reincorporation,

merger, consolidation, conversion, amalgamation, arrangement, continuance, or dissolution

pursuant to applicable state or provincial law; and (d) all other actions that the applicable entities

or Purchaser determine to be necessary or appropriate, including making filings or recordings

that may be required by applicable law in connection with the Plan. On and after the Effective

Date, except as otherwise provided in the Plan, the Reorganized Debtors may operate their

businesses and may use, acquire, or dispose of property and compromise or settle any Claims,

Interests, or causes of action without supervision or approval by the Court and free of any

restrictions of the Bankruptcy Code or Bankruptcy Rules. Neither Purchaser, the JV Parties nor

any of their Affiliates shall be deemed to be a successor of the Debtors.

5.      **Cancellation Of Securities And Agreements**. On the Effective Date, except to

the extent otherwise provided in the Plan, all notes, instruments, certificates, and other

documents evidencing, or in any way related to, Claims or Interests shall be canceled and the

obligations of the Debtors thereunder or in any way related thereto shall be released, settled, and

compromised; *provided*, *however*, the Plan shall not release any rights or cancel any notes,

instruments, certificates, agreements, or other documents with respect to any rights or claims

solely against Debtor Forte Investment LLC.

6.      **General Settlement Of Claims And Interests**. Pursuant to section 1123 of the

Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification,

distributions, releases and other benefits provided under the Plan, on the Effective Date, the

provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims,

Interests, and controversies resolved pursuant to the Plan.

7.    **Automatic Stay**. The automatic stay under section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the Plan.

8.    **Discharge Of Claims And Termination Of Interests**. Except as otherwise provided in the Plan or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Interests of any nature whatsoever against the Debtors or any of their assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests. Upon the Effective Date, each of the Debtors and the Reorganized Debtors shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims and Interests, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, *provided, however*, notwithstanding anything otherwise contained herein, there shall be no any satisfaction, settlement, discharge, or release of any Claims or Interests with respect to any rights or claims solely against Debtor Forte Investment LLC. In accordance with section 1141(d)(3) of the Bankruptcy Code, except as otherwise set forth in the Plan or in this Confirmation Order, Confirmation of the Plan does not operate to discharge any Claim or Interest of any Debtor party to the Sale Transaction.

9.    **Effectuating Documents; Further Transactions**. The Debtors shall be authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents, and take such actions, as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Confirmation Order and the Plan,

including, but not limited to, entering into and effectuating the terms and conditions of the Lease Termination Agreement.

10.    **Exemption From Certain Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property or Interests, or the issuance, transfer or exchange or assignment of debt and/or Interests under the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any contract, lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall be exempt from all taxes (including, without limitation, any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate or other transfer tax, mortgage recording tax, or other similar tax or governmental assessment) to the fullest extent permitted by section 1146(a) of the Bankruptcy Code, and the appropriate state or local governmental officials or agents shall not collect any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

11.    **Distribution Record Date**. Neither the Debtors nor any of their agents shall have any obligation to recognize any transfer of any Claims or Interests occurring on or after the date hereof.  The Debtors and any agents shall be entitled to recognize and deal for all purposes under the Plan only with those record holders as of the date hereof.

12.    **Cash Payments**. Cash payments to be made under the Plan will be in U.S. funds by checks drawn on a domestic bank selected by the Debtors, with the consent of Purchaser, or by wire transfer from a domestic bank, at the sole of the Conveying Debtors, with the consent of Purchaser.

13.     **Assumption And Rejection Of Executory Contracts And Unexpired Leases.**
The Debtors are authorized (1) upon payment of the corresponding cure amounts set forth in the
Debtors' schedule of cure amounts included in the Plan Supplement, (a) to assume the Assumed
Contracts and (b) at the election of the Purchaser, to assign the Assumed Contracts to the
Purchaser and (2) to reject the Rejected Contracts.

14.     **Professional Fee Claims**.  Allowed professional fee claims shall be paid by the
Debtors or the Reorganized Debtors, as applicable, from Cash on hand or the Sale Proceeds.

15.     **Payment Of Statutory Fees**. All fees payable under section 1930 of title 28 of
the United States Code and any applicable interest thereon shall be paid on or before the
Effective Date. All such fees and any applicable interest thereon that arise after the Effective
Date but before the closing of the Chapter 11 Cases or before their dismissal or conversion,
whichever happens earlier, shall be paid by the Reorganized Debtors. The Reorganized Debtors
shall file quarterly post-Confirmation reports and schedule quarterly post-Confirmation status
conferences until the entry of a final decree, dismissal or conversion of the cases to Chapter 7.

16.     **Administrative Claims**. Each Holder of an Allowed Administrative Claim
against a Debtor shall receive, in full satisfaction, settlement, release and discharge of and in
exchange for its Administrative Claim, on the latest of (i) the Distribution Date, (ii) the date on
which its Administrative Claim becomes an Allowed Administrative Claim, (iii) the date on
which its Administrative Claim becomes payable under any agreement with the Debtors relating
thereto, (iv) in respect of liabilities incurred in the ordinary course of business, the date upon
which such liabilities are payable in the ordinary course of the Debtors' business, consistent with
past practice or (v) such other date as may be agreed upon between the Holder of such Allowed

Administrative Claim and the Debtors or Purchaser, as the case may be, Cash equal to the unpaid portion of its Allowed Administrative Claim.

17.    **Release Of Liens.** Except as otherwise expressly provided in the Plan, in the Confirmation Order, or in any document, instrument or other agreement created in connection with the Plan, on the Effective Date, all Liens on or against the Sale Assets automatically shall be released upon the transfer of the Sale Assets to Purchaser (or such other entity(ies) as Purchaser may designate); and the holders of such Liens shall execute such documents as may be necessary or desirable to reflect or effectuate such releases; *provided*, *however*, that notwithstanding anything otherwise contained herein, no mortgages, deeds of trust, liens, or other security interests relating solely to the real property located at 625 Baltic Street, Brooklyn New York shall be released.

18.    **Releases, Injunction And Exculpation**. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases, injunction and exculpation set forth in Article V of the Plan with respect to the exculpation. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the releases, injunction and exculpation set forth in Article V of the Plan. Accordingly, based upon the record of the Chapter 11 Cases, the representations and/or the evidence proffered, adduced, and/or presented at or prior to, the Confirmation Hearing, the releases, injunction, and exculpation set forth in Article V of the Plan, are hereby approved, and shall be effective and binding on all persons and entities, to the extent provided therein.

19.    **Releases By Debtors**. Pursuant to Bankruptcy Code section 1123(b), and except as otherwise specifically provided in the Plan, upon the Effective Date, the Debtors and their Estates shall release unconditionally, and hereby are deemed to forever release unconditionally:

(a) Purchaser and the JV Parties and any of their respective members, officers, directors, managers, employees, equity holders, partners, Affiliates, advisors, attorneys, consultants, agents or representatives, or any of their successors or assigns (collectively, the "Released Parties"); and (b) the Debtors' attorneys, accountants and members, from any and all claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (other than the right to enforce the performance of their respective obligations, if any, to the Debtors under the Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, or other occurrence taking place on or prior to the Effective Date, except for those claims or liabilities arising out of or relating to any act or omission that constitutes gross negligence, willful misconduct, breach of fiduciary duty, criminal conduct, *ultra vires* actions, or the disclosure of confidential information that causes damages. Notwithstanding the foregoing, the releases described above shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York State Rules of Professional Conduct.

20.    **Releases By Holders Of Claims And Interests.** In consideration for the distributions made under the Plan, all Holders of Claims and Interests (collectively, the "Releasing Parties") shall be deemed to have been released and discharged by, and to have forever released and discharged the Released Parties, the Debtors and any of their respective members, officers, directors, managers, employees, equity holders, partners, Affiliates, advisors, attorneys, consultants, agents or representatives, or any of their successors or assigns, of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, promises, damages, claims and liabilities whatsoever, known or unknown, arising from a Claim or based upon the same subject matter as a Claim or Interest and existing on the

Confirmation Date or which thereafter could arise based on any fact, transaction, cause, matter or thing which occurred prior to the Confirmation Date, relating to the Debtors, the Plan or the Chapter 11 Cases, except for those claims asserting gross negligence, willful misconduct, breach of fiduciary duty, criminal conduct, *ultra vires* actions, or the disclosure of confidential information that causes damages; *provided, however*, that Forte Investment LLC shall not be a "Released Party" or "Releasing Party". The release described in the preceding sentence shall be enforceable as a matter of contract. Notwithstanding the foregoing, the releases described above shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York State Rules of Professional Conduct.

21.    **Exculpation**. The Debtors, the Estates, Purchaser and the JV Parties and any and all of their respective members, officers, directors, managers, employees, equity holders, partners, Affiliates, advisors, attorneys, agents or representatives, or any of their successors or assigns, shall not have or incur any liability to any Holder of a Claim or Interests, or any other party in interest, or any of their respective members, officers, directors, managers, employees, equity holders, partners, Affiliates, advisors, attorneys, consultants, agents or representatives, or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of, the administration of the Chapter 11 Cases, the negotiation of the terms of the Plan, the Sale Transaction, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, up to and including the Effective Date, except for their willful misconduct, gross negligence, breach of fiduciary duty, criminal conduct, *ultra vires* actions, or the disclosure of confidential information that causes damages, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Cases and

the Plan. Notwithstanding the foregoing, the exculpation described above shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York State Rules of Professional Conduct.

22.     **Injunction**. Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, subject to the occurrence of the Effective Date, all persons that have held, currently hold or may hold a Claim or other debt or liability that is discharged pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors or their property on account of any such discharged Claim, debts or liabilities or terminated rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors; and (v) commencing or continuing any action, in each case in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. By accepting any distribution pursuant to the Plan, each Holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in Article V of the Plan. Nothing in the Plan or the Confirmation Order shall enjoin the United States Government or any of its agencies or any state and local authority, from bringing any claim, suit, action or other proceedings (whether directly, indirectly, derivatively or otherwise) against the Debtors, or any of the Debtors' members, employees, attorneys, advisors, agents, representatives and assigns, or the Debtors' property, for any liability, including under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority.

23. **Term Of Injunctions Or Stays**. Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

24. **Post-Confirmation Date Retention Of Professionals**. After the Confirmation Date, any requirement that professionals employed by the Debtors comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtors shall be authorized to employ and compensate professionals in the ordinary course of business and without the need for approval of this Court.

25. **Objections**. All objections that have not been withdrawn, waived, or settled pertaining to approval of the Disclosure Statement or confirmation of the Plan are overruled on the merits. Furthermore, all reservation of rights, responses to, and statements and comments, if any, in opposition to the Disclosure Statement or the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety for the reasons stated on the record.

26. **Notice Of Entry Of Confirmation Order**. Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized and directed to serve a notice of entry of the Confirmation Order no later than ten (10) Business Days after the entry of the Confirmation Order, on all Holders of Claims against or Interests in the Debtors, which notice shall constitute

good and sufficient notice of the entry of the Confirmation Order and of the relief granted herein, and no other or further notice of entry of the Confirmation Order or the occurrence of the Effective Date need be given.

27. **Modifications Or Amendments**. Except as otherwise specifically provided in the Plan, the Debtors, with the consent of Purchaser, may modify the Plan, whether materially or immaterially, and seek Confirmation, in each instance, to the extent permitted under the Bankruptcy Code. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtors, with the consent of Purchaser, expressly may alter, amend, or modify materially the Plan with respect to the Debtors, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.

28. **Rules Governing Conflicts Between Documents**. In the event of a conflict between the terms or provisions of the Plan and any other document, the terms of the Plan shall control over such documents. In the event of a conflict between the terms of the Plan on the one hand, and the terms of the Confirmation Order, on the other hand, the terms of the Confirmation Order shall control. This Order shall supersede any orders of the Court issued prior to the Confirmation Date that may be inconsistent herewith.

29. **Binding Effect**. The Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims against and Interests in the Debtors, whether or not such Holders will receive or retain any property or interest in property under the Plan, their respective successors and assigns.

30.     **Revocation Or Withdrawal Of The Plan**. The Debtors, with the express prior written consent of Purchaser, reserve the right to revoke or withdraw the Plan with respect to one or more of the Debtors before the Confirmation Date or the Effective Date and to file subsequent plans of reorganization. If the Debtors, with the consent of Purchaser, revoke or withdraw the Plan with respect to any Debtor, or if Confirmation or consummation does not occur with respect to any Debtor, then: (a) the Plan with respect to such Debtor shall be null and void in all respects; (b) any settlement or compromise embodied in the Plan with respect to such Debtor (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption and assignment or rejection of Executory Contracts or Unexpired Leases effected by the Plan with respect to such Debtor, and any document or agreement executed pursuant to the Plan with respect to such Debtor, shall be deemed null and void; and (c) nothing contained in the Plan with respect to such Debtor shall: (i) constitute a waiver or release of any Claims or Interests; (ii) prejudice in any manner the rights of the Debtors or any other Entity; or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtors or any other Entity.

31.     **Governing Law**. Except to the extent that federal law (including, but not limited to, the Bankruptcy Code and the Bankruptcy Rules) is applicable or the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without giving effect to its conflicts of law principles.

32.     **Closing of Chapter 11 Cases**. Unless otherwise ordered by the Court, the Reorganized Debtors shall, within 14 days following the full administration of the estates, file,

on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

33. **Retention Of Jurisdiction**. The Court retains jurisdiction over the matters set forth in Article *I*X of the Plan and/or section 1142 of the Bankruptcy Code.

34. **Waiver Of Bankruptcy Rule 3020(e)**. Pursuant to Bankruptcy Rule 3020(e), the 14-day stay of the Confirmation Order imposed by such Bankruptcy Rule is waived. The Debtors are authorized to consummate the Plan and the transactions contemplated thereby immediately upon, or concurrently with, satisfaction of the conditions set forth in the Plan.

35. To the extent of any inconsistency between the terms of the Plan and the Confirmation Order, the terms of the Confirmation Order shall govern.



**Dated: Brooklyn, New York**
**February 28, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**